UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| PAUL DECKER, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-142-PPS-JPK |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must remand this action if the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant Menard, Inc. removed this action from state court on May 20, 2022. The Notice of Removal asserts this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship (DE 3 ¶¶ 6, 7), and because "Plaintiff's claimed damages allegedly exceed $75,000.00" (*id.* ¶ 4). In support of the assertion that Plaintiff claims damages in excess of $75,000.00, Defendant Menard cites to the state court complaint in which Plaintiff alleges that he "sustained 'personal injuries, some of which are permanent, incurred medical expenses for care, testing and treatment, suffered loss of wages and earning ability and an inability to engage in normal daily

activities for an indefinite period of time." (*Id.* ¶ 4). This allegation is insufficient to satisfy the requirement that, in alleging that the amount in controversy satisfies the requirements of 28 U.S.C. § 1332, the removing defendant must point to "a specific, unequivocal statement from the plaintiff regarding the damages sought." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013). The defendant must "receive[ ] a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. With respect to the amount in controversy in particular, the pleading or other paper must *specifically disclose the amount of monetary damages sought*. This bright-line rule promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants." *Id.* (emphasis added); *see, e.g., Redfield v. Uthe,* No. 2:20-CV-199-TLS-JPK, 2021 WL 2451906, at *3 (N.D. Ind. June 15, 2021) (finding that state court complaint did not trigger federal diversity jurisdiction because, "[a]lthough [it] alleges damages that include permanent and severe personal injuries, medical expenses, and lost wages and seeks punitive damages, the Complaint does not contain a dollar amount of damages sought").

Given the importance of determining the Court's jurisdiction to hear this case, Defendant must allege a sufficient basis for concluding the amount in controversy requirement is met for this Court to assert subject matter jurisdiction over the removed state court complaint. Therefore, the Court **ORDERS** Defendant to **FILE**, on or before **June 16, 2022,** a supplemental jurisdictional statement that properly alleges diversity jurisdiction over the state court complaint.

2

So ORDERED this 26th day of May, 2022.

                                           s/ Joshua P. Kolar
                                           MAGISTRATE JUDGE JOSHUA P. KOLAR
                                           UNITED STATES DISTRICT COURT