**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| PAUL DECKER, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-142-JPK |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| *Defendant.* | ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject

matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The

Court must remand this action if the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

### PROCEDURAL HISTORY

Defendant Menard, Inc. removed this action from state court on May 20, 2022. The Notice

of Removal asserted that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because

there is complete diversity of citizenship [DE 3 ¶¶ 6, 7], and because "Plaintiff's claimed damages

allegedly exceed $75,000.00" [*id.* ¶ 4]. On May 26, 2022, the Court ordered Defendant Menard to

file a supplemental jurisdictional statement because the Notice of Removal did not allege facts

sufficient to show that the amount in controversy exceeded $75,000. [DE 6]. On June 15, 2022,

Defendant Menard filed a supplemental Notice of Removal that adequately alleged facts showing

that diversity of citizenship between itself and Plaintiff existed, as well as that the complaint sought

in excess of $75,000.00, exclusive of interest and cost. [DE 7].

On June 29, 2022, Defendant Menard filed an Amended Answer to Complaint. [DE 12]. One of the affirmative defenses alleged in the Amended Answer is the defense that "Plaintiff's claimed injuries and damages, if any, were proximately caused in full or in part by a 'non-party' to wit: Snow Be Gone, LLC, 8502 W 1350 S, Wanatah, Indiana 46390, who ha[s] not been joined in this action as a Defendant by the Plaintiff." [*Id.* at 10 (Paragraph XII)]. On July 5, 2022, Plaintiff filed a motion for leave to file an amended complaint for purposes of asserting new claims against the "non-party" Snow Be Gone, LLC, which had been identified by Defendant Menard as responsible either wholly or in part for Plaintiff's asserted injuries. [DE 15]. Plaintiff represented in the motion to amend that his counsel contacted Defendant Menard's counsel regarding the proposed amended complaint, and Menard's counsel had no objection. [*Id.* ¶ 3]. Accordingly, on July 6, 2022, the Court entered an order noting the parties' agreement and granting Plaintiff's motion to file an amended complaint. [DE 16].

Plaintiff filed the amended complaint on July 12, 2022. [DE 18]. The amended complaint seeks to hold Menard and Snow Be Gone jointly and severally liable for Plaintiff's alleged damages. [*Id.* at 1 (introductory paragraph)]. But the amended complaint contains no allegations to show that this Court has subject matter jurisdiction over this lawsuit.

ANALYSIS

Section 1447(c) of the removal statute provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). The parties agreed to an amended complaint naming an additional defendant. Neither the agreed motion to file an amended complaint nor the amended complaint itself states whether the addition of Snow Be Gone as a defendant, who is alleged to be jointly and severally responsible with Menard for Plaintiff's injuries, destroys federal court

2

diversity jurisdiction. If it does, then, pursuant to § 1447(c), the case must be remanded to state court.[1] The only factual information in the current record about Snow Be Gone is found in Defendant Menard's amended answer, which refers to Snow Be Gone as a limited liability company and provides an Indiana address for that entity. [DE 12 at 10].

Plaintiff filed his initial complaint in state court, but Defendant Menard removed the case to this Court alleging federal court jurisdiction. As the party seeking federal jurisdiction, Defendant Menard has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff. *See* 28 U.S.C. § 1332(a). If Snow Be Gone, LLC is, as its name suggests, a limited liability company, then its citizenship for purposes of the diversity statute is not determined by either the place where it is organized or its principle place of business. Instead, the party seeking federal court jurisdiction must allege "the citizenship of each of [the limited liability company's] members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Smith v. Dodson*, No. 2:17-CV-372, 2019 WL 2526328, at *1 (N.D. Ind. June 19, 2019) (requiring the name and citizenship of each limited liability company member be identified) (citing *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (requiring "the name and citizenship of each partner" of limited partnership)); *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("only the partners' or members' citizenships matter," and "their identities must be revealed"). For members of the limited liability company who are individuals, the proponent of federal court

---

[1] The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 14]. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 636(c) to decide whether remand is required.

jurisdiction must allege citizenship based on their domicile (not residence). *See Heinen v. Northrop Grumman Corp.,* 671 F.3d 669, 670 (7th Cir. 2012) (citizenship "depends on domicile–that is to say, the state in which a person intends to live over the long run," and "[a]n allegation of 'residence' is therefore deficient"). For members who are corporations, the proponent of federal court jurisdiction must allege both the corporation's state of incorporation *and* its principal place of business. *Karazanos,* 147 F.3d at 628. And for members who are also limited liability companies (or other non-corporate business entities such as partnerships), the proponent of federal court jurisdiction must allege the constituent members and their citizenships, tracing the citizenship of each such member "through multiple levels" for members who in turn have members or partners. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004); *Thomas*, 487 F.3d at 534 (jurisdictional statement for limited liability company "must identify the citizenship of each of its members . . . and, if those members have members, the citizenship of those members as well").

Accordingly, the Court **ORDERS** Defendant Menard to file a statement by **August 4, 2022**, indicating its position, along with any supporting argument, as to whether the Court retains subject matter jurisdiction over the amended complaint, keeping in mind the legal principles discussed above. Plaintiff may file a supplemental stating his position on whether a remand is required in light of the information provided in Defendant Menard's statement by **August 11, 2022**.

So ORDERED this 14th day of July, 2022.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT