UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PAUL DECKER, | ) |
|     *Plaintiff*, | ) ) ) |
| v. | ) ) CASE NO. 2:22-CV-142-JPK |
| MENARD, INC. and SNOW BE GONE, | ) ) ) |
|     *Defendants*. | ) |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must remand this action if the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Because the Court has determined that it lacks subject matter jurisdiction, the case must be remanded.

Defendant Menard, Inc. removed this action from state court on May 20, 2022. The Notice of Removal asserted that this Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship [DE 3 ¶¶ 6, 7], and because "Plaintiff's claimed damages allegedly exceed $75,000.00" [*id.* ¶ 4]. On May 26, 2022, the Court ordered Defendant Menard to file a supplemental jurisdictional statement because the Notice of Removal did not allege facts sufficient to show that the amount in controversy exceeded $75,000. [DE 6]. On June 15, 2022, Defendant Menard filed a supplemental Notice of Removal that adequately alleged facts showing that diversity of citizenship between itself and Plaintiff existed, as well as that the complaint sought in excess of $75,000.00, exclusive of interest and cost. [DE 7]. On June 29, 2022, Defendant

Menard filed an Amended Answer to Complaint [DE 12], alleging, among other things, that "Plaintiff's claimed injuries and damages, if any, were proximately caused in full or in part by a 'non-party' to wit: Snow Be Gone, LLC, 8502 W 1350 S, Wanatah, Indiana 46390." On July 5, 2022, Plaintiff filed a motion for leave to file an amended complaint adding Snow Be Gone, LLC as a defendant. [DE 15]. Defendant Menard consented to the motion to amend [DE 16], and Plaintiff filed the amended complaint on July 12, 2022 [DE 18]. On July 14, 2022, the Court entered an order directing Defendant Menard to file a supplemental jurisdictional statement regarding whether the Court had subject matter jurisdiction over Plaintiff's newly filed amended complaint. [DE 21]. On July 28, 2022, Defendant Snow Be Gone, LLC filed an appearance in the case through counsel. [DE 22]. On August 3, 2022, Defendant Menard filed a supplemental jurisdictional statement in which it states that at least one or more members/owner or partners of Defendant Snow Be Gone is a citizen of the State of Indiana, thereby destroying this Court's subject matter jurisdiction over the case. The deadline for Plaintiff to file a supplemental response stating his position on whether a remand is required in light of the information provided in Defendant Menard's supplemental jurisdictional statement was August 11, 2022. [DE 21 at 4]. That deadline has passed and Plaintiff has not filed any response.

      For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff. See 28 U.S.C. § 1332(a). Snow Be Gone, LLC is a limited liability company and its citizenship is determined under the diversity statute by reference to the citizenship of each its members. *Thomas v. Guardsmark*, LLC, 487 F.3d 531, 534 (7th Cir. 2007). Based on the facts stated in Defendant Menard's August 3, 2022 supplemental jurisdictional statement, the Court finds that Snow Be Gone, LLC is a citizen of Indiana. Therefore, the Court finds that it does not

have subject matter jurisdiction over the amended complaint because complete diversity is lacking in that both Defendant Snow Be Gone and Plaintiff are citizens of Indiana.

Accordingly, pursuant to 28 U.S.C. § 1447(c), the Clerk is **DIRECTED** to **REMAND** this case to the Superior Court of Porter County, Indiana, and close the file.

So ORDERED this 17th day of August, 2022.

s/Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT